IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER PAYTON,**

    **Plaintiff,**

    v.                                                       **CASE NO. 20-3257-SAC**

**LAURA KELLY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On November 20, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until December 18, 2020 in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Motion to Disqualify (Doc. 7).

Plaintiff alleges that he is seeking to disqualify the undersigned under 28 U.S.C. § 144, because the Court misinterpreted a sentence in his Complaint. Plaintiff alleges that the Court "lied" when it changed the facts. Plaintiff states in his Complaint that:

> On the above date 4/17/20, time 8:00 am, Sgt. Wilson called Plaintiff to Unit Team Allan's office and explained to [sic] that treats [sic] had been made against him, and for the facility to be clear of any damages or lawsuits, he needed Plaintiff to signed [sic] a PC waiver. Plaintiff informed unit team Allan and Sgt. Wilson that he had not been threating [sic] by anyone, though, plaintiff complied and signed the waiver.

(Doc. 1, at 9.) In the MOSC, the Court found that: "Plaintiff also alleges that on April 17, 2020, he was asked to sign a waiver because threats were allegedly made against staff at HCF."

1

(Doc. 5, at 2.) Plaintiff attaches a Kansas Department of Corrections Administrative Segregation Report to his Motion to Disqualify, which states the facts as follows: "Behaviors causing him to received [sic] threats from other inmates. Coughing and sneezing on them and calling them 'sheep' for wearing masks. He was escorted and [ ] cleared by RHU staff." (Doc. 7, at 4.) Plaintiff alleges that the undersigned has personal bias or prejudice against Plaintiff because the Court misinterpreted his Complaint to allege threats against staff, instead of threats against Plaintiff.

The Court notes that the threats were apparently made against Plaintiff instead of staff. However, this clarification does not affect the Court's analysis in the MOSC and does not warrant recusal. The Court found in the MOSC that: Plaintiff's claims regarding his lost mail are subject to dismissal as barred by the applicable two-year statute of limitations; even if Plaintiff's claims regarding his lost mail were not barred by the statute of limitations, they would fail to state a due process violation because an adequate, state post-deprivation remedy exists; Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility; and the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard."

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). Plaintiff alleges that he is seeking recusal under § 144. To seek recusal under this section, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d

937, 939 (10th Cir. 1987)).  These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*.  Plaintiff's motion shows that the Court misinterpreted a sentence in his Complaint and baldly claims that this shows personal bias or prejudice against Plaintiff.  Plaintiff's affidavit does not show bias and prejudice that is personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) and (b)(1).  Section (b)(1) is subjective and contains the "extrajudicial source" limitation.  *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings."  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).  Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective.  *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548).  The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x

at 960.  A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'"  *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).  "The goal of section 455(a) is to avoid even the appearance of partiality."  *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations.  *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).  "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue."  *Id.*  (quoting *Cooley*, 1 F.3d at 993).  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."  *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).  A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).  Judges have a duty to sit when there is no legitimate reason to recuse.  *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay.  *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto

4

power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed in the MOSC, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Disqualify (Doc. 7) is **denied.**

**IT IS SO ORDERED**.

**Dated December 14, 2020, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**