IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALTER PAYTON,

    **Plaintiff,**

v.                                    CASE NO. 20-3257-SAC

LAURA KELLY, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 9. The Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges that staff at HCF lost a package his brother sent him in April 2018. The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims regarding his lost mail are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on October 14, 2020. Plaintiff's alleged violations occurred around April of 2018. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir.

1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff's Amended Complaint sets forth the same property claims regarding his lost package, without showing good cause why his claims are not barred by the statute of limitations.

The Court further found in the MOSC that even if Plaintiff's claims regarding his lost mail were not barred by the statute of limitations, they would fail to state a due process violation. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.

Plaintiff's Amended Complaint continues to allege that Defendants violated internal policies and procedures. (Doc. 9, at 13–15, 20.) The Court found in the MOSC that Plaintiff's allegations are vague, and he provides no details or factual support for his allegations. Plaintiff has failed to cure this deficiency. The violation of internal prison rules and regulations does not rise to the level of a constitutional violation. As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional

> officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dep't. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007); *see also*, *Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) ("Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measure by the due process clause, not prison regulations."). The violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). Plaintiff has failed to show good cause why his claims should not be dismissed for failure to state a claim.

The Court found in the MOSC that Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")). "Changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)). Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life. Moreover, jail officials are entitled to great deference in the internal operation and

administration of the facility.  *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).  Plaintiff's claims regarding his security classification are dismissed for failure to state a claim.

Plaintiff also alleges that disciplinary action taken against him in April 2020, was done in retaliation for Plaintiff's grievances and state court action regarding the package that was allegedly lost in April 2018.  Plaintiff acknowledges that staff worked with him to resolve the property issue.  Plaintiff alleges that during a meeting to attempt to resolve the lost mail issue in late July 2018, the HCF Mailroom Supervisor made a comment during a meeting that she believed Plaintiff was lying about not receiving the package and that she would have the SORT Team shake his living quarters down.  (Doc. 9, at 10.) Plaintiff alleges that his brother, whom staff had called to participate in the meeting, asked the Mailroom Supervisor if she was threatening Plaintiff over something HCF administration had done wrong "and she fell silent." *Id*.  Plaintiff alleges that he was never "shook down" but the "threat remained on his mind at all times."  *Id*.  Plaintiff filed an administrative grievance regarding the lost package.  *Id*.  Plaintiff acknowledges that HCF has alleged that it is willing to pay the costs of the legal materials that were lost.  *Id*. at 11–12.

Plaintiff believes that the retaliatory "threat" from July 2018 "manifested itself" two years later when he was disciplined for allegedly coughing and spitting on people during the COVID-19 pandemic.[1]  *Id*. at 21. Plaintiff denied the allegations despite signing a waiver regarding threats he received based on the alleged behavior.  (Doc. 9, at 13.)  Plaintiff received a disciplinary report and was moved to administrative segregation as a result of the disciplinary report.  Plaintiff alleges that when he was moved to segregation, he lost his private industry job,

---

[1]  Plaintiff submitted his disciplinary report as part of a motion he filed in this case.  (Doc. 7, at 4.)  The report states that Plaintiff received threats from other inmates because he was coughing and sneezing on them and calling them "sheep" for wearing masks.  *Id*.

he was escorted while in his underwear, and his two brothers were removed from his approved calling list because they have different fathers and different last names.

The Court finds that Plaintiff fails to state a plausible claim of retaliation.  "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper."  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted).  The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements:  (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights."  *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted).  Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice."  *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).  "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive."  *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of the claims.  Plaintiff has failed to show that the challenged actions would not have

occurred but for the alleged retaliatory motive.  Plaintiff believes that his disciplinary report in April 2020 was done in retaliation for his grievances and actions brought regarding the loss of his package in April 2018.  Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive.

The Court's MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 5, at 9.)  The Court finds that Plaintiff has failed to cure the deficiencies set forth in the MOSC and his Amended Complaint is dismissed for failure to state a claim.

On October 14, 2020, the Tenth Circuit Court of Appeals issued an opinion in *Payton v. Ballinger*, No. 20-3101 (10th Cir. Oct. 14, 2020), finding that the district court's dismissal of that case constituted a strike and that the Tenth Circuit's dismissal of the appeal assessed another strike.  *Id*. at 7–8.  The Tenth Circuit "caution[ed] Payton to consider his suits going forward to avoid accumulating that third strike."  *Id*. at 8.  Plaintiff filed the instant action on October 14, 2020—the date of the Tenth Circuit's opinion.  This Court's dismissal constitutes Plaintiff's third strike.

Plaintiff has also filed a "Motion for Default Judgment" (Doc. 10), arguing that he is entitled to a default judgment because the Defendants have not filed an answer or otherwise responded in this case.  The Defendants have not been served in this case because Plaintiff's complaints have not survived the Court's screening process.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Default Judgment (Doc. 10) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 21, 2021, in Topeka, Kansas.**

<div style="margin-left:auto">

s/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**

</div>