IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALTER PAYTON,

    **Plaintiff,**

    v.                                CASE NO. 20-3257-SAC

LAURA KELLY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 9). On April 21, 2021, the Court entered a Memorandum and Order (Doc. 11) finding that the Amended Complaint failed to cure the deficiencies set forth in the MOSC and otherwise failed to state a claim. The Court dismissed this case for failure to state a claim. (Docs. 11, 12.) This matter is before the Court on Plaintiff's Moton for Reconsideration (Doc. 13).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete*, 204 F.3d at 1012.  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to address any of the deficiencies set forth in the MOSC or the April 21, 2021 Memorandum and Order.  Plaintiff argues in his Motion for Reconsideration that the Court misrepresented that he had received disciplinary reports.  (Doc. 13, at 1.)  Plaintiff submitted his administrative segregation report as part of a motion he filed in this case.  (Doc. 7, at 4.)  The Court referred to this as a "disciplinary report" in a footnote.  This had no bearing on the Court's decision.

Plaintiff also alleges that he did not need to exhaust his administrative remedies prior to filing this action. (Doc. 13, at 1.) Although exhaustion is required, the dismissal in this case was not based on a failure to exhaust administrative remedies. Plaintiff also argues that the Court should have ordered the Defendants to respond and should not be "answering for defendants." *Id*. at 2. However, the Court has an obligation to screen complaints prior to serving defendants under 28 U.S.C. § 1915A.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its April 21, 2021 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated May 4, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**